UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. BURNS, JR.; ROBERT E. BRAZZANOVICH; CONSTANCE A. DAVIS; JULIO AYALA; LAURA GONZALEZ; THOMAS NOEL; PAUL CHRISTENSEN; and DONNA HUSTACE,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY UTILITIES CO., a Delaware Corporation; WESTERN WEATHER GROUP, INC., a California Corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | No. 2:21-cv-00647-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiffs John H. Burns, Jr., Robert E. Brazzanovich, Constance A. Davis, Julio Ayala, Laura Gonzalez, Thomas Noel, Paul Christensen, and Donna Hustace's (collectively, "Plaintiffs") Motion to Remand. (ECF No. 6.) Defendant Liberty Utilities Co. ("Liberty") opposes the motion. (ECF No. 14.) Defendant Western Weather Group, Inc. ("Western Weather") did not file an opposition. Plaintiffs filed a reply. (ECF No. 16.) Also before the Court is Liberty's Motion to Strike (ECF No. 17) and Western Weather's Motion to Dismiss (ECF No. 18). Both motions have been fully briefed. For the following reasons, the Court GRANTS Plaintiffs' motion and REMANDS the action to state court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are homeowners, renters, business owners, and other individuals and entities who lost property from the Mountain View Fire. (ECF No. 1-3 at 2.) Liberty is an electrical services provider in Mono County. (*Id.*) Western Weather consults with utility companies — including Liberty — and addresses weather risks with product solutions such as meteorological monitoring systems and custom weather forecasting services to mitigate risks of wildfires caused by the utility infrastructure. (*Id.* at 3–4.)

Plaintiffs allege the Mountain View Fire started when non-insulated electrical conductors owned and operated by Liberty slapped together, causing electrical arcing that ignited nearby vegetation. (*Id.* at 1.) Plaintiffs allege this occurred because: (1) Liberty's infrastructure (including, but not limited to, its electrical conductors) was intended, designed, and constructed to pass electricity through exposed, non-insulated powerlines in vegetated areas; (2) Liberty negligently, recklessly, and willfully failed to properly, safely, and prudently inspect, repair, maintain and operate the electrical equipment in its utility infrastructure; and (3) Liberty and Western Weather negligently, recklessly, and willfully failed to properly and safely monitor the wind conditions in and around Walker, California during a National Weather Service Red Flag warning, and failed to initiate a Public Safety Power Shutoff ("PSPS") that resulted in the ignition of the Mountain View Fire. (*Id.* at 1–2.)

On February 19, 2021, Plaintiffs filed this action against Liberty and Western Weather in Mono County Superior Court. (ECF No. 1-3.) Plaintiffs allege state law claims for inverse condemnation, trespass, nuisance, violation of California Public Utilities Code § 2106, violation of California Health & Safety Code § 13007, and negligence. (*Id.*) On April 9, 2021, Liberty removed the action to this Court based on diversity jurisdiction, even though the named parties are not completely diverse. (ECF No. 1.) In its Notice of Removal, Liberty contends there is complete diversity because Plaintiffs are citizens of California or Nevada, Liberty is incorporated in Delaware with its principal place of business in Arizona, and Western Weather — despite being a California corporation — is a "sham defendant" whose presence cannot defeat diversity. (*Id.* at 2, 8.) On May 10, 2021, Plaintiffs filed the instant motion to remand. (ECF No. 6.) On

June 8, 2021, Plaintiffs filed a First Amended Complaint ("FAC").[1]  (ECF No. 9.)

## II. STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  For purposes of diversity, a corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled.  *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).  "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id*. (citation omitted).  "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" *Id*. (citation omitted).

///

///

///

---

[1] The parties dispute whether the Court should decide the motion to remand based on the allegations in the FAC or the original Complaint.  The Court likely would reach the same result under either version of the pleading.  However, because diversity is determined as of the time a complaint is filed and removal effected, the Court will only address the allegations in the original Complaint and will not address the parties' dispute about the propriety of the FAC.  *Stroken Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

### III. ANALYSIS

#### A. Remand

In moving to remand, Plaintiff argues there is not complete diversity because some Plaintiffs and Western Weather are citizens of California. (ECF No. 6-1 at 3–4.) In opposition, Liberty argues the Court should disregard Western Weather's citizenship because Plaintiffs fraudulently joined Western Weather to defeat diversity. (ECF No. 14 at 5.)

"[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (citation omitted). Fraudulent joinder may be established by showing either: "(1) actual fraud in the pleading of jurisdictional facts[;] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Proving the second theory requires a defendant to show that an "individual joined in the action cannot be liable on any theory." *Id.* (citation omitted). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (citation and internal quotation marks omitted) (emphasis in original).

Liberty argues Plaintiffs fail to state a viable cause of action against Western Weather in the Complaint for several reasons, including that Western Weather simply sold weather monitoring equipment to Liberty, had no role in monitoring weather conditions, and did not own, operate, or control the circuit that allegedly caused the fire. (ECF No. 14 at 5, 9.) Liberty has not persuaded the Court that there is *no possibility* Plaintiffs can bring a viable claim against Western Weather. *See Grancare, LLC*, 889 F.3d at 548 ("We have upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant. . . [or] where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant."). For example, Plaintiffs allege in Claim Six of the

4

Complaint that Western Weather was negligent for, among other things, "[f]ailing to properly monitor the weather and promptly de-energize exposed powerlines during fire-prone conditions." (ECF No. 1-3 at 14.) Although Plaintiffs' allegations may be insufficient to state a plausible claim for relief, "merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Moreover, Liberty's attempts to refute Plaintiffs' allegations are unavailing. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (citation omitted). Lastly, Liberty has not persuaded the Court that any purported deficiencies in the pleading cannot possibly be cured by granting leave to amend. *See Grancare, LLC*, 889 F.3d at 550.

Because it is undisputed that Western Weather is a California corporation — and Liberty has not met its heavy burden to show Western Weather was fraudulently joined — there is not complete diversity between the parties. As such, removal to this Court was improper. The Court therefore REMANDS this action to Mono County Superior Court.

### B.     Attorney's Fees

Plaintiffs also argue they are entitled to attorney's fees incurred in bringing the instant motion to remand. (ECF No. 6-1 at 6.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court cannot say that Defendant "lacked an objectively reasonable basis for seeking removal." *Id.* Liberty raised reasonable arguments regarding fraudulent joinder. Further, although Liberty fails to persuade the Court that Plaintiffs cannot *possibly* state a viable claim against Western Weather, the Court notes that the allegations in the Complaint regarding Western Weather's liability could be clearer. The Court thus DENIES Plaintiffs' request for attorney's fees.

///

///

### IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiffs' Motion to Remand and REMANDS the case to Mono County Superior Court. (ECF No. 6.) The Court declines to award Plaintiffs attorney's fees incurred in bringing this motion.

IT IS SO ORDERED.

DATED: January 04, 2022

Troy L. Nunley
United States District Judge